4-3-14

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*405 East 8th Avenue, Suite 2400*   *(541)465-6771*
*Eugene OR 97401*            *Fax:(541)465-6917*

April 2, 2014

Robert M. Schrank
Spinner & Schrank
747 Blair Boulevard
Eugene, OR 97401

Re: *United States v. Charles Thornton,*
    Case No. 6:13-CR-00178-AA
    Plea Offer

Dear Mr. Schrank:

Pursuant to our conversations, the United States respectfully submits the following plea offer to your client, Defendant Charles Thornton ("Defendant").

1. **Parties/Scope:** This plea agreement is between the United States Attorney's Office for the District of Oregon (USAO) and Defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges or offenses other than those specifically set forth in this letter.

2. **Charges and Penalties:** Defendant agrees to plead guilty to Counts 4, 5, and 6 of the Indictment, charging him with making False Statements in Connection with the Acquisition of Firearms, in violation of 18 U.S.C. §§ 2 and 922(a)(6), and Counts 9, 10, and 11 of the Indictment, charging him with Felon in Possession of Firearms. All of these offenses carry a maximum penalty of ten years imprisonment, a $250,000 fine, a supervised release term of up to three years and a mandatory fee assessment of $100.

3. **Elements of the charges:** Defendant admits he is guilty of these Counts, and specifically admits that:

On or before September 22, 2008 in the District of Oregon, Defendant recruited Eleanor Arceneaux ("Arceneaux") to straw purchase firearms for him and others because as a felon, Defendant was prohibited from purchasing firearms himself. Defendant gave Arceneaux money to purchase firearms on September 22, 2008 and October 8, 2008, and accompanied her to multiple Federally Licensed Firearms Dealers ("FFLs") in Southern Oregon, as set forth in Counts 4, 5, and 6, to assist her in straw purchasing the firearms set forth in Counts 4, 5, and 6. Defendant instructed her which firearms to purchase, and gave Arceneaux crack cocaine in exchange for doing so. During these firearms purchases, Arceneaux falsely represented on the ATF Forms 4473

that she was the actual purchaser of the firearms, when in fact, she was buying the firearms on behalf of Defendant and others.

In recruiting Arceneaux, giving her the money to purchase firearms, accompanying her to the FFLs, instructing her about certain firearms to purchase, and compensating her with crack cocaine, Defendant aided and abetted Arceneaux in falsely representing on the ATF Forms 4473 that she was the actual purchaser of the firearms set forth in Counts 4, 5, and 6, when in fact, she was buying the firearms on behalf of Defendant and others. Arceneaux's false statements were intended and likely to deceive the FFLs about the lawfulness of the firearms sales, and were material to the lawfulness of those transactions.

Additionally, on or about September 22, 2008 and October 8, 2008, in the District of Oregon, Defendant knowingly possessed, either actually or constructively, the firearms set forth in Counts 9, 10, and 11 of the Indictment, which had previously been shipped or transported in interstate or foreign commerce. Defendant possessed these firearms after he was convicted of the felony crimes set forth in the Indictment, which were punishable by imprisonment for a term exceeding one year.

Defendant agrees that the United States is able to prove the necessary elements beyond a reasonable doubt and that he is guilty of these crimes.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against Defendant. The USAO agrees not to bring additional charges against Defendant in the District of Oregon arising out of this firearm investigation, known to the USAO at the time of this agreement

5. **Sentencing Factors**: The parties agree the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Sentencing Guideline Range**: The parties agree to the following:

Defendant's base offense level is 20 under U.S.S.G. § 2K2.1(a)(4) because Defendant committed the instant offenses subsequent to sustaining one felony conviction of a controlled substance offense. This offense level shall be increased by 2 levels under U.S.S.G. § 2K2.1(b)(1)(A) because Defendant's offense conduct as set forth in this plea involved 6 firearms.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If Defendant does so, the USAO will recommend a three-level reduction in Defendant's offense level. The USAO reserves the right to change this recommendation if Defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

RE: Thornton Plea Offer
April 2, 2014
Page 3 of 4

8. **Sentence Recommendation**: Based on the negotiations between the parties and taking into account the factors set forth in 18 U.S.C. § 3553(a), the USAO and Defendant will jointly recommend a sentence of 41 months in prison.

9. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any further upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments or variances to the advisory sentencing guideline range with one exception – Defendant may seek a downward variance under 18 U.S.C. § 3553(a) if required to achieve the jointly recommended 41-month sentence. Defendant, however, agrees not to seek a sentence below 41 months.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should Defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Forfeiture**: By signing this agreement, Defendant knowingly and voluntarily forfeits and abandons all right, title, and interest in and to all assets subject to forfeiture pursuant to 18 U.S.C. § 924(d), including the firearms set forth in all counts of the Indictment.

12. **Full Disclosure/Reservation of Rights**: The United States Attorney's Office will fully inform the Presentence writer and the Court of the facts and law related to Defendant's case. Except as set forth in this agreement, the parties reserve all other rights to respond to motions and arguments by the opposition.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Breach of Plea Agreement**: If Defendant breaches the terms of this agreement, or commits any new criminal offenses between entry of his guilty plea and sentencing, the United States is relieved of its obligation under this agreement, but Defendant may not withdraw any guilty plea.

RE: Thornton Plea Offer
April 2, 2014
Page 4 of 4

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If Defendant accepts this offer, please sign and submit the original of this letter and the Petition to Enter Plea.

16. **Deadline**: This offer may be revoked at any time prior to Defendant entering his guilty plea, and this offer expires if not accepted by May 2, 2014 at 1:30 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

NATHAN J. LICHVARCIK
Assistant United States Attorney

I HEREBY FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, WHICH I FULLY UNDERSTAND AFTER FIRST REVIEWING AND DISCUSSING EVERY PART OF IT WITH MY ATTORNEY. I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY, AND I WISH TO PLEAD GUILTY TO THE CHARGE IN THE INDICTMENT BECAUSE, IN FACT, I AM GUILTY.

5/20/14
DATE

Charles Thornton
DEFENDANT

I REPRESENT DEFENDANT AS LEGAL COUNSEL. I HAVE CAREFULLY REVIEWED AND DISCUSSED EVERY PART OF THIS AGREEMENT WITH DEFENDANT. TO MY KNOWLEDGE, DEFENDANT'S DECISIONS TO ENTER INTO THIS AGREEMENT AND TO PLEAD GUILTY ARE INFORMED AND VOLUNTARY ONES.

5/20/14
DATE

ATTORNEY FOR DEFENDANT